IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

M.P.[1]                                                    No. 3:25-cv-01407-MC

            Plaintiff,                                    OPINION AND ORDER

        v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

            Defendant.

_____

MCSHANE, Judge:

Plaintiff M.P. asks this Court to reverse the Commissioner's final decision denying his application for Disability Insurance Benefits. Pl.'s Soc. Sec. Br. 20, ECF No. 8. Plaintiff alleges that the Administrative Law Judge: (1) improperly discounted Plaintiff's subjective symptom testimony; (2) erroneously disregarded Plaintiff's gastroesophageal reflux disease; and (3) formulated the Residual Functional Capacity "without explanation." *Id.* 1–2.

Because the Administrative Law Judge's determination is supported by substantial evidence and free from reversible legal error, this Court affirms.

**PRIOR PROCEEDINGS**

In May 2018, M.P. protectively filed an application for Disability Insurance Benefits and Supplemental Social Security Income, alleging a disability onset date of June 30, 2013. Tr. Soc. Sec. Admin. Rec. ("Tr.") 172–84, ECF No. 7-1. His date last insured is December 31, 2015. *Id.*

_____

[1] In the interest of privacy, this Opinion and Order calls Plaintiff by their initials.

1 – Opinion & Order

1051.

Plaintiff's application proceeded to a hearing before an Administrative Law Judge ("ALJ") three times: once in 2020; again in 2023; and finally, on March 19, 2025.[2] Tr. 11–27, 512–28, 1045–64. Plaintiff was found "not disabled" under the Social Security Act after all three hearings. *Id.* 27, 28, 64. Plaintiff now seeks review of the ALJ's denial of his claim based on the March 19, 2025, hearing. Pl.'s Soc. Sec. Br. 2; *see also* Tr. 1045–64.

Plaintiff requested a closed period of disability from June 30, 2013, to October 31, 2022. Tr. 1049, 1299. Relevant here, the ALJ found Plaintiff has the following severe impairments: asthma, temporomandibular joint disorder ("TMJ"), and anxiety disorder. *Id.* 1052. The ALJ also found Plaintiff had the Residual Functional Capacity ("RFC") during the period of disability to perform light work as defined in 20 C.F.R. § 404.1567(b), with some listed exceptions. *Id.* 1054. Finally, the ALJ determined Plaintiff could have performed jobs existing in significant numbers in the national economy during the requested closed period. *Id.* 1062. The ALJ concluded Plaintiff "was not under a disability, as defined in the Social Security Act . . . from June 30, 2013[,] to October 31, 2022." *Id.* 1063.

The ALJ's April 14, 2025, denial of Plaintiff's application for benefits is the Commissioner's final determination in this case. *See* Compl. 2, ECF No. 1; Pl.'s Soc. Sec. Br. 2.

## **LEGAL STANDARD**

A claimant can seek judicial review of the Commissioner's final determination as to their benefits application. 42 U.S.C. § 405(g); *see also, e.g., Bass v. Soc. Sec. Admin.*, 872 F.2d 832,

---

[2] The first unfavorable decision issued in February 2021. Tr. 11–27. This Court reversed and remanded that decision based on the stipulation of the parties. *See* No. 3:22-cv-00456-HL, Dec. 7, 2022, Order, ECF No. 18. The same ALJ conducted the subsequent hearing on August 2, 2023, and denied Plaintiff's benefits application for the second time on September 8, 2023. Tr. 512–28. The Court again remanded Plaintiff's claim for further administrative proceedings. *See* No. 3-24-cv-00053-AR, Aug. 22, 2024, Order, ECF No. 15. A new ALJ presided over Plaintiff's third hearing on March 19, 2025. Tr. 1045–64, 1078–79.

833 (9th Cir. 1989) (stating Section 405(g) provides that claimants may bring a civil action after the Commissioner has made a final decision on the claim).

District courts review whether "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *see also Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018) (stating the Commissioner's denial of disability benefits will stand if supported by substantial evidence and free from legal error).

Substantial evidence is "more than a mere scintilla but less than a preponderance." *Tackett*, 180 F.3d at 1098 (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)). It is enough evidence for a reasonable person to accept as "adequate to support a conclusion." *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). If the evidence is in equipoise, "the court may not substitute its judgment for that of the ALJ." *Tackett*, 180 F.3d at 1098 (quoting *Matney*, 981 F.2d at 1019).

A district court considers the record as a whole, "weighing both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). But because "Congress 'places a premium upon agency expertise,'" courts "leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 621 (1966)). A reviewing court cannot affirm the Commissioner's decision "on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (quoting *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001)).

## **<u>DISCUSSION</u>**

3 – Opinion & Order

Plaintiff presents three issues: (1) whether the ALJ improperly discredited Plaintiff's subjective symptom testimony in crafting the RFC; (2) whether the ALJ erroneously ignored Plaintiff's gastroesophageal reflux disease ("GERD"); and (3) whether the ALJ "erred by finding the RFC without explanation." Pl.'s Soc. Sec. Br. 1–2.

### I.    Whether the ALJ properly evaluated Plaintiff's testimony regarding pain and other symptoms.

Plaintiff alleges the ALJ impermissibly disregarded Plaintiff's testimony about the limiting effects of his asthma attacks and TMJ. Pl.'s Soc. Sec. Br. 4. Plaintiff avers that the "primary reason" he cannot work is "the severity of his asthma impairment when combined with his other impairments." *Id.* Specifically, Plaintiff testified he experiences severe asthma attacks on a weekly basis that prevent him from engaging in any activities for two to four days thereafter. *Id.* 5. Plaintiff argues the ALJ formulated an RFC that fails to account for his most debilitating limitations as he described them. *Id.* 8.

A claimant's alleged symptoms, "if credited," relate to "the determination of a claimant's [RFC], which is the most [one] can still do despite [one's] limitations." *Ferguson v. O'Malley*, 95 F.4th 1194, 1198 (9th Cir. 2024) (quoting 20 C.F.R. § 416.945(a)(1)). ALJs must follow a two-step process in evaluating a claimant's subjective symptom testimony. *See, e.g., Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014); *see also* 20 C.F.R. §§ 404.1529(a)–(c). The ALJ first determines whether a medically determinable impairment "'could reasonably be expected to produce'" the claimant's alleged symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). At this step, the ALJ found Plaintiff's medically determinable impairments could reasonably cause some degree of the symptoms he described. Tr. 1055.

Plaintiff challenges the ALJ's conclusion at step two. *See* Pl.'s Soc. Sec. Br. 5–6. At this

step, an ALJ evaluates the intensity, persistence, and limiting effects of a claimant's symptoms using all the record evidence—both medical and nonmedical. 20 C.F.R. § 404.1529(c). A claimant's symptom testimony "will not alone establish" disability under the Social Security Act. 20 C.F.R. § 404.1529(a). However, absent evidence of malingering, an ALJ can reject a claimant's testimony about the severity of his symptoms "only by offering specific, clear and convincing reasons for doing so." *Smolen*, 80 F.3d at 1281.

The "clear and convincing" standard just requires rationale with "the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) ("Ultimately, the 'clear and convincing standard' requires an ALJ to show his work."). If an ALJ improperly rejects a claimant's symptom testimony, the RFC and subsequent disability determination cannot be found to be supported by substantial evidence. *Lingenfelter*, 504 F.3d at 1035.

Here, the ALJ reasonably decided, based on specific, clear, and convincing evidence, to discredit Plaintiff's allegations about the severity of his limitations. To start, Plaintiff concedes the ALJ acknowledged his testimony regarding persistent asthma symptoms and chronic jaw pain that inhibit his ability to function. Pl.'s Soc. Sec. Br. 6–7 (quoting Tr. 1055). As the ALJ noted, Plaintiff "alleges that he cannot work" and "has difficulty with lifting, squatting, bending, standing, reaching, walking, talking, stair climbing, completing tasks, and concentration, but not memory, understanding, following instructions, or getting along with others." Tr. 1055. Plaintiff nonetheless avers the ALJ ignored the knock-on effects of his asthma attacks and erroneously concluded he could engage in light work during the closed disability period. Pl.'s Soc. Sec. Br. 7–8.

This Court disagrees the ALJ disregarded or even obliquely referenced Plaintiff's subjective descriptions of pain and other symptoms. Her opinion explicitly recognizes Plaintiff's "ongoing limitations due to his asthma, [TMJ], and anxiety disorder." Tr. 1056. The ALJ also

stated that "enough evidence is included in the file to identify [Plaintiff's] impairments." *Id.* However, the ALJ deemed Plaintiff's "statements concerning the intensity, persistence[,] and limiting effects" of his symptoms "not entirely consistent with the medical evidence and other evidence in the record." *Id.* 1055–56. The ALJ's review of the record led her to conclude that "despite the chronic nature" of Plaintiff's asthma, "this condition is responsive to medications and generally well-managed when the claimant adheres" to treatment. *Id.* 1056.

The ALJ articulated clear and convincing reasons for finding the record evidence does "not support the alleged severity" of Plaintiff's symptoms. Tr. 1055. The ALJ cogently illustrated how Plaintiff's medical records are largely inconsistent with his subjective symptom testimony. *See, e.g., Ferguson*, 95 F.4th at 1200 (requiring an ALJ to explain "why the medical evidence is *inconsistent* with the claimant's subjective symptom testimony."). Contrary to what Plaintiff argues, the ALJ specifically identified which parts of Plaintiff's testimony she rejected and explained why, meeting her "clear and convincing" burden for discounting his allegations. *See* Pl.'s Soc. Sec. Br. 10.

To survey these inconsistencies, the ALJ analyzed medical treatment and examination notes spanning the requested disability period. Tr. 1056. Despite Plaintiff's allegations of recurrent asthma symptoms, the notes show he "consistently presented as alert, awake, well appearing, and in no acute distress with normal respiratory rate, unlabored breathing, normal speech, lungs clear to auscultation bilaterally, and normal breath sounds." *Id.* (citing, *e.g.*, Tr. 307–08, 312, 321, 338, 345, 348, 354, 358, 366, 406–07, 410–11, 502–06, 858, 947–48, 997–1000, 1022–23). Plaintiff's medical records indicate his shortness of breath may be associated with anxiety and "extremely heavy caffeine use" because his physical exam produced no evidence of pulmonary issues or wheezing. Tr. 1056–57 (citing Tr. 947–48). The ALJ observed Plaintiff's normal blood oxygen

6 – Opinion & Order

readings throughout the requested closed period of disability, including during active asthma attacks. Tr. 1056 (citing, *e.g.*, Tr. 299, 307, 406, 502, 947, 1005–06). Plaintiff also told providers his asthma is "well-controlled" on medication. *Id.* (citing Tr. 347). And the ALJ noted, "in the rare instances when the claimant's providers note abnormal respiratory exam findings, they often find[] that the claimant has only mild issues." *Id.* (citing, *e.g.*, Tr. 345, 506, 948).

Concerning Plaintiff's asthma limitations, the ALJ identified systemic inconsistencies between his symptom testimony and objective medical evidence throughout the record. *See Smartt*, 53 F.4th at 498 (finding the ALJ properly discounted plaintiff's allegations of pain "by identifying specific discrepancies between her testimony and the objective medical evidence."). The ALJ reasonably determined these pervasive discrepancies undercut Plaintiff's descriptions of his asthma and the extent to which it disables him. Tr. 1055; *contrast Chaudhry v. Astrue*, 688 F.3d 661, 672–73 (9th Cir. 2012) (affirming ALJ's preference for objective medical evidence over subjective symptom testimony), *and Smartt*, 53 F.4th at 498 (stating an ALJ may weigh relevant objective medical evidence as undercutting subjective testimony when the two differ), *with Ferguson*, 95 F.4th at 1200 (concluding the ALJ erred by not specifically stating how plaintiff's headache symptom testimony was inconsistent with an exam showing "no neurological defects" and "a normal mood.").

As with Plaintiff's asthma, the ALJ properly contrasted objective medical evidence of his TMJ symptoms with subjective pain testimony. Plaintiff contends the ALJ "repeatedly minimized the severity" of his TMJ. Pl.'s Soc. Sec. Br. 10. The Court does not see it that way. The ALJ credited Plaintiff's assertion that his TMJ causes him chronic pain. Tr. 1057. Yet the ALJ reasonably concluded Plaintiff's TMJ "did not cause limitations greater than [his RFC] during the requested closed period." *Id.*

The ALJ cited medical treatment and examination notes showing Plaintiff did not experience significant pain or limitations from his TMJ throughout the relevant period. *Id.* (citing, *e.g.*, Tr. 324, 330–32, 437–41, 957–58, 1022–23). For instance, a CT scan in 2016 indicated "normal appearance of the region of the temporomandibular joint." *Id.* (citing Tr. 396). Plaintiff was also referred to a TMJ specialist, but never followed up on his referral. *Id.* (citing Tr. 331). And while Plaintiff did repeatedly complain of jaw pain, clicking, and mild tenderness, his medical records consistently document that he was "well appearing," in no acute distress, and had no difficulty with speech. *Id.* (citing, *.e.g.,* Tr. 332, 348, 366, 489, 950, 957, 967–68).

The ALJ properly considered the medical record as a whole and did not pick out isolated periods of well-being to justify rejecting Plaintiff's statements about his TMJ. *Cf. Garrison*, 759 at 1017–18 (instructing lower courts not to extract isolated instances of improvement from the record to justify a finding of non-disability, especially in the context of mental health conditions). The ALJ acknowledged Plaintiff's complaints of jaw clicking and pain throughout his medical record. Tr. 1057. But she offered clear and convincing reasons for her conclusion that objective medical evidence does not support finding Plaintiff's TMJ as debilitating as he described.

Beyond the inconsistencies between Plaintiff's medical records and his subjective symptom allegations, the ALJ observed Plaintiff's asthma and TMJ respond well to treatment. Tr. 1056–58. Observations of effective medical treatment can undermine a claim for disability. *Cf. Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (evidence of adequate treatment for certain "chronic mental disorders" can cut against finding a claimant disabled); *see also Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir. 2007) (affirming ALJ's discounting of plaintiff's testimony because his physical ailments were treatable with over-the-counter pain medication). Here, Plaintiff told providers his asthma is "well controlled" on his medication plan. *Id.* 1056 (citing Tr.

8 – Opinion & Order

347). Regarding Plaintiff's TMJ, the ALJ pointed to evidence that Tylenol and ibuprofen help manage any associated jaw pain. *Id.* 1057 (citing Tr. 361, 479, 857).

Further, in discrediting Plaintiff's symptom testimony, the ALJ reasonably weighed evidence that Plaintiff neglects prescribed courses of treatment. The ALJ stated Plaintiff's "record highlights ongoing noncompliance issues with his [asthma] medication plans." Tr. 1056 (citing, *e.g.*, Tr. 355, 495–96, 504–06, 957–58). Plaintiff repeatedly admitted to providers "he either refused to take or failed to finish his prescribed courses of Prednisone" and failed to use his inhaler as directed. *Id.* (citing, *e.g.*, Tr. 495–96, 505, 879).

Plaintiff also refrained from taking medication to manage his TMJ. Though Plaintiff's jaw pain responds well to over-the-counter pain medications, the ALJ noted Plaintiff told medical providers he declined them due to a "dislike of pills." *Id.* 1057 (citing Tr. 349, 429, 867). The ALJ properly determined Plaintiff's repeated failure to follow prescribed courses of treatment cut against his allegations of severe impairment. *See, e.g., Chaudhry*, 688 F.3d at 672 (concluding plaintiff's routine failure to follow prescribed courses of treatment bolstered the ALJs findings); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (affirming ALJs inference that plaintiff's pain was not as severe as he alleged because he neglected to seek an aggressive treatment program).

The Court is also satisfied with the ALJ's finding that Plaintiff's activities of daily living ("ADLs") contradict his symptom testimony. Plaintiff argues the ALJ improperly interpreted Plaintiff's ability to sustain some ADLs as an ability to "work on a regular and continued basis." Pl.'s Soc. Sec. Br. 11. The ALJ's indeed cites Plaintiff's statements about his daily activities, which include preparing simple meals, cleaning, mowing, driving a car, being outside, spending time with others, and running errands. Tr. 1055 (citing Tr. 218–26, 807–08).

9 – Opinion & Order

While it is true that ALJs should not assume daily activities necessarily contradict pain testimony, a claimant's ADLs may contravene their allegations of how severely they are impaired. *See, e.g., Garrison*, 759 F.3d at 1016 (concluding ALJ erroneously found plaintiff's daily activities inconsistent with her pain); *see also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1225 (9th Cir. 2010) (affirming ALJ's finding that plaintiff's symptoms were exaggerated because the nature of his work suggested his back pain was less debilitating than alleged).

Here, the ALJ reasonably found Plaintiff's ADLs, such as cleaning, mowing, and running errands, undermine the severity of his limitations as described. Tr. 1055 (citing Tr. 223, 246). Plaintiff misreads the ALJ's reference to his daily activities. The ALJ did not conflate Plaintiff's self-reported ADLs with his ability to sustain gainful employment. *See* Pl.'s Soc. Sec. Br. 11. Rather, the ALJ reasoned that Plaintiff's daily activities are inconsistent with his assertion that he is incapacitated for several days after an asthma attack. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009) (affirming ALJ's determination that, while plaintiff's ADLs did not suggest she could return to her previous job, they did suggest her symptoms were overstated).

This ALJ provided clear and convincing reasons to reject Plaintiff's subjective symptom testimony about his asthma and TMJ. Substantial evidence thus supports the ALJ's determination that Plaintiff's limitations do not exceed his RFC.

II.      **Whether the ALJ reversibly erred in not considering Plaintiff's GERD.**

Plaintiff contends the ALJ impermissibly erred by not conducting an evaluation of Plaintiff's GERD. Pl.'s Soc. Sec. Br. 13. In the two prior decisions evaluating Plaintiff's claim, the ALJ deemed his GERD severe. Tr. 17, 518. Plaintiff therefore assumes "the RFC must have accounted for GERD-based restrictions." Pl.'s Soc. Sec. Br. 13. As Plaintiff identifies, the most recent ALJ overlooked Plaintiff's medically determinable impairment of GERD "without

10 – Opinion & Order

explanation." *Id.* 14.

At step two of the five-step sequential evaluation process, the Commissioner determines whether the claimant has a medically severe impairment or combination of impairments. *See, e.g., Smolen*, 80 F.3d at 1289–90. The ALJ "must consider the combined effect of all of the claimant's impairments on her ability to function, without regard to whether each alone was sufficiently severe." *Id.* at 1290 (citing 42 U.S.C. § 423(d)(2)(B)). Here, the ALJ did not evaluate Plaintiff's historical GERD diagnoses.

The ALJ erred by neglecting to discuss Plaintiff's GERD. Plaintiff characterizes this error as the ALJ's failure "to satisfy her regulatory duties at Steps Two or Three." Pl.'s Soc. Sec. Br. 15. Plaintiff however has not shown that the ALJ's omission is harmful. And this Court "will not reverse [her] decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti*, 533 F.3d at 1038 (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006)).

To determine whether the ALJ's omission is harmless, this Court considers the entire record to evaluate whether her error alters Plaintiff's ultimate outcome. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). In his initial benefits application, Plaintiff did not list GERD as a condition impairing his ability to work. Tr. 207. The first ALJ twice observed Plaintiff's GERD "is a historical diagnosis" with "very little treatment outside of a prescription for 40 milligrams of Protonix issued in 2016." *Id.* 23 (citing Tr. 437, 471, 479), 524. Plaintiff did not mention GERD or its symptoms in any of his three administrative hearings. *Id.* 36–42, 41–51, 1081–90. Plaintiff also neglected to discuss GERD symptoms in his two function reports. *Id.* 218–25, 807–14. While it is true the first ALJ listed GERD as a severe impairment, Plaintiff proffers no evidence that his GERD limits him beyond the restrictions included in his RFC. Further, the Court does not presume

11 – Opinion & Order

that Plaintiff's previous RFC incorporated GERD-based restrictions simply because the prior ALJ listed GERD as one of Plaintiff's severe impairments. *See* Pl.'s Soc. Sec. Br. 13. The prior ALJ did not state that Plaintiff's GERD necessitated specific limitations beyond those reflected in his current RFC. *See* Tr. 23, 514, 1054. The record does not indicate that the ALJ's failure to address his GERD constitutes reversible error.

### III.     Whether the RFC is supported by substantial evidence.

According to Plaintiff, the ALJ "offered no narrative discussion of how the evidence supported her RFC findings." Pl.'s Soc. Sec. Br. 17. Plaintiff alleges the ALJ's decision was not supported by the record and lacked requisite consideration. *Id.* 18. The Court understands Plaintiff's argument as contingent upon finding the ALJ improperly discredited his subjective symptom testimony. For instance, Plaintiff avers the ALJ formulated the RFC without accounting for Plaintiff's "inability to work for considerable periods of time" while recovering from an asthma attack. *Id.* 17. This contention assumes the ALJ fully credited Plaintiff's symptom testimony. She did not and as explained above, this Court defers to the ALJ's evaluation of Plaintiff's statements.

The ALJ sufficiently illustrated how she weighed relevant evidence to craft Plaintiff's RFC. The ALJ's opinion draws on specific medical facts and nonmedical evidence to determine what Plaintiff could still do despite his ongoing limitations. Tr. 1054–62. She also related Plaintiff's discrete impairments to restrictions baked into the RFC. For instance, the ALJ explained Plaintiff's asthma requires a restriction related to avoiding pulmonary irritants. *Id.* 1057. And the RFC incorporates pain-related restrictions to account for his TMJ. *Id.* The Court is satisfied with the ALJ's narrative explanation of how the record supports her conclusion that Plaintiff could perform a range of light work with targeted restrictions. *See* Tr. 1057, 1062.

Finally, Plaintiff contests the ALJ's deviation from the prior ALJ's findings after the first

12 – Opinion & Order

two hearings. Pl.'s Soc. Sec. Br. 17. But this ALJ properly conducted an independent evaluation and was not bound by the previous ALJ's findings. *See* Tr. 1079; *see also* No. 3-24-cv-00053-AR, Aug. 22, 2024, Order; *cf. Cody v. Kijakazi*, 48 F.4th 956, 958 (9th Cir. 2022) (remanding plaintiff's case for a new hearing in front of a different ALJ after the first ALJ, who was not properly appointed, twice denied his benefits). The mere fact of deviation does not constitute a specific reversible error.

## **CONCLUSION**

Because substantial evidence supports a finding of non-disability, the Commissioner's decision is **AFFIRMED**.


IT IS SO ORDERED.

DATED this 27th day of May 2026.


                                    s/Michael J. McShane
                                    Michael J. McShane
                                    United States District Judge

13 – Opinion & Order